### STATE *vs.* PATRICK HIGGINS.[1]

A statute provided that "evidence of the sale or keeping of intoxicating liquors for sale in any building, place, or tenement, shall be *primâ facie* evidence that the sale or keeping is illegal."

*Held*, that this statutory provision was constitutional and valid.

*State* v. *Beswick, ante*, p. 211, affirmed.

A person prosecuted for an act generally criminal may, if licensed to perform it, be required to produce his license in defence whenever there is evidence to show his guilt if he has no license.

EXCEPTIONS to the Court of Common Pleas.

*June* 14, 1881. DURFEE, C. J. This is an indictment under Gen. Stat. R. I. cap. 73, §§ 1 and 2, which comes here from the

---

[1] See *State* v. *Mellor, infra.*

Court of Common Pleas on exceptions. It charges that the defendant " did keep and maintain a certain grog-shop and tippling-shop and building, place, and tenement used for the illegal sale and illegal keeping of intoxicating liquors, and for the habitual resort of intemperate, idle, dissolute, noisy, and disorderly persons." At the trial in the Court of Common Pleas, on a plea of not guilty, the government submitted testimony to show that the defendant kept a shop of the kind described in the indictment, but produced no proof that he was not licensed or authorized to sell intoxicating liquors. The defendant requested the Court to charge the jury that, inasmuch as the State had not produced any such proof, they should not convict the defendant of keeping a grog-shop, tippling-shop, building, place, or tenement used for the illegal sale and keeping of intoxicating liquors; but the Court refused so to charge, and did charge that all sales and keeping were *primâ facie* illegal, and that the burden was on the defendant to show that he had a license or authority to sell or keep. The defendant excepted.

The government contends that the charge was authorized by Pub. Laws R. I. cap. 830, § 3, of June 9, 1880, which among other things provides that in prosecutions for the keeping of such nuisances " evidence of the sale or keeping of intoxicating liquors for sale in any building, place, or tenement shall be *primâ facie* evidence that the sale or keeping is illegal." The defendant contends that this provision is unconstitutional, and was therefore no authority for the charge.

The question thus presented is in our opinion essentially the same as one of the questions decided in *State* v. *Beswick, ante,* p. 211. The court decided in that case that the General Assembly has the constitutional power to relieve the State, by direct enactment, in liquor prosecutions, from the necessity of either alleging or proving that the accused has no license, leaving it for him to show his license, if he has it, by way of defence. The enactment here, though superficially different, is identical in effect with the enactment there sustained. If then the decision there was right, the enactment here ought to be sustained. We see no reason to doubt the correctness of the decision. It is entirely reasonable, we think, that a person who is prosecuted for an act, which is generally crim-

inal, should, if licensed to commit it, be required to show his license in. defence whenever there is evidence to establish his guilt if he has no license.   To require this is not to violate any fundamental rule or principle established by the common law for the protection of the subject or the citizen ; but, on the contrary, it is according to the usual course of procedure, and has never been supposed to be inconsistent either with the maxim that every person is to be presumed innocent until he is proved guilty, or with the great provision of *Magna Charta*, that "no man shall be deprived of life, liberty, or property unless by the judgment of his peers or the law of the land."   The enactment which was condemned in *State* v. *Beswick* was something radically different, and something too which, in so extreme a form, was utterly without precedent.   It was an enactment which related, not to the proof or the disproof of any special privilege or exemption, but to the proof of the offence itself, and obliged the jury to presume its commission from circumstances which were not only consistent with the innocence of the accused, but would not be any necessary constituent of the offence if committed ; and some of which, we may add, might exist independently of the will and even without the knowledge of the accused.   To identify such an enactment with the enactment here in question is to be misled by the superficial resemblance of things which are almost as different as substance and shadow.

The exception is overruled and the cause remanded for sentence.

*Exceptions overruled.*

*Willard Sayles*, Attorney General, for plaintiff.

*Charles E. Gorman & Hugh J. Carroll*, for defendant.